UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MÉNDEZ & CO., INC.,

    Plaintiff,

v.

CITRUS WORLD, INC., d/b/a
FLORIDA'S NATURAL GROWERS,

    Defendant.

Civil No. 09-2251 (JAF)

**O R D E R**

Plaintiff, Méndez & Company, brings this action in diversity against Defendant, Citrus World, Inc., d/b/a/ Florida's Natural Growers, claiming violations of Puerto Rico's dealers' contracts law, 10 L.P.R.A. §§ 278–278e (2004) ("Law 75"), and tort law, 31 L.P.R.A. § 5141 (1990). (Docket No. 1.) Plaintiff moves for partial summary judgment (Docket No. 35), which Defendant opposes (Docket No. 41). Plaintiff replies to Defendant's opposition. (Docket No. 47.)

Plaintiff seeks partial summary judgment on two issues: (1) whether Defendant is a "dealer" for purposes of Law 75; and (2) whether the distribution contract executed between the parties on September 22, 2004, was still "in full force and effect" when Defendant unilaterally terminated the contract on November 18, 2009. (See Docket No. 35 at 5.) No dispute exists as to the standard for summary judgment under Federal Rule of Procedure 56 and

Civil No. 09-2251 (JAF)                                                                                         -2-

so we need not recite the standard as developed by the First Circuit's case law. See, e.g., Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

Defendant does not dispute that it is a "dealer" under Law 75. (Docket No. 41 at 2.) Therefore, as of today, that is not an issue. We turn next to the question of whether the agreement signed by the parties on September 22, 2004, (Docket No. 35-6) ("the Contract") remained "in full force and effect" at the time Defendant terminated the parties' business relationship. Again, Defendant concedes that Law 75 does not allow a distributorship agreement to expire without a showing of just cause for non-renewal. (Docket No. 41 at 10.) Defendant argues, however, that the Contract does not represent the complete agreement between the parties and, thus, a genuine issue of material fact exists as to the parameters of the distributorship contract that was in "full force and effect" on November 18, 2009. (See Docket No. 41 at 11–12.) Specifically, Defendant asserts that Plaintiff's "obligation to submit annual marketing plans and budgets and specific supporting documents to receive reimbursements of marketing expenses was part of the agreement all along." (Docket No. 41 at 12.)

We disagree. Under Puerto Rico's Civil Code, where contract terms are "clear and leave no doubt as to the intention of the contracting parties," the literal meaning of a contract must be followed, unless that language appears to contradict the parties' true intention. See 31 L.P.R.A. § 3471 (1990). As a result, the First Circuit has held that we may not consider extrinsic evidence to "vary the express, clear, and unambiguous terms of a contract." IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 447 (1st Cir. 2010). This extends to cases in

Civil No. 09-2251 (JAF)                                                                                          -3-

which extrinsic evidence "is offered to show that the written agreement was not the entire agreement between the parties." Id. (quoting Exec. Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 69 (1st Cir. 1995)).

Paragraph six of the Contract contains a clearly-stated integration clause[1] that weighs heavily against the use of extrinsic evidence to argue that the written agreement was not the entire agreement between the parties. Furthermore, even if the agreement did not contain an integration clause, paragraph four of the Contract[2] clearly states that Defendant may occasionally offer certain benefits to Plaintiff, but that such offers depend upon the agreement of both parties. The clause does not make these potential agreements part of the Contract, nor do we find the clause ambiguous enough to allow extrinsic evidence to support such an interpretation.

For the foregoing reasons, we hereby **GRANT** Plaintiff's motion for partial summary judgment (Docket No. 35).

## Mediation

The court offered, and the parties accepted, to try to resolve this case through mediation. To that effect, the court recommended, and the parties accepted, that Daniel E. Wathen, Esq.,

---

[1] "This agreement is the entire agreement between the parties on the subject matter herein and supercedes any prior agreement written or oral. It . . . may not be amended except in writing signed by both parties . . . ." (Docket No. 35-6 at 2.)

[2] "In support of Products in the territory, FNG will from time to time during the term of this agreement offer various promotions, discounts and allowances. All such activity will be subject to agreement between the parties." (Docket No. 35-6 at 2.)

Civil No. 09-2251 (JAF) -4-

retired Chief Justice, Maine Supreme Judicial Court, be asked to mediate. Mr. Wathen's present business address is:

>    Pierce Atwood
>    One Monument Square
>    Portland, ME 04101
>    Tel. (207) 791-1115/Fax (207) 791-1350
>    E-mail: dwathen@pierceatwood.com

A copy of this Order will be emailed to retired Justice Wathen, and he will direct counsel as to where and under what conditions and fees the mediation will take place.

Since trial has been set for May 9, 2011, any mediation effort should be exhausted long before the trial date.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 24th day of March, 2011.

>    s/José Antonio Fusté
>    JOSE ANTONIO FUSTE
>    Chief U.S. District Judge